IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| F. MICHAEL CRANE,<br><br>     Plaintiff,<br><br>v.<br><br>THE MEMORIAL HOSPITAL,<br><br>     Defendant. | Case No. 1:08-CV-59-DAK<br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is Plaintiff's Motion for Default Judgment. (Docket Entry #10.)  Plaintiff, F. Michael Crane, is a *pro se* plaintiff whose complaint was filed on June 2, 2008.  (Docket Entry #1.)  Plaintiff's motion requests a default judgment for Defendant's alleged failure to timely respond to his complaint. Plaintiff alleges that he contacted the office of William J. Hansen, Defendant's attorney, on July 17, 2008, but that he had "not received or been served any information from the Defendant" as of July 28, 2008, the date Plaintiff filed his Motion for Default Judgment.  (Docket Entry #10, at 1.)

Defendant, The Memorial Hospital, was served on June 9, 2008.  (Docket Entry #5.)  Defendant then filed a Motion to Dismiss on July 9, 2008.  (Docket Entry #7.)  According to William J. Hansen's affidavit, in an oversight, Mr. Hansen failed

to mail Plaintiff a copy of the Motion to Dismiss on July 9, 2008, when that motion was filed.  (Docket Entry #15-2, at 2.)  Mr. Hansen explains that this oversight occurred because he had not defended an action brought by a *pro se* defendant since the inception of e-filing, and as a result, Mr. Hansen overlooked that, as a *pro se* plaintiff, Plaintiff would not receive the standard e-filing notice but would require Mr. Hansen to send Plaintiff a hard copy of the motion.  (Docket Entry #15-2, at 2.)  Mr. Hansen's affidavit further explains that, although Mr. Hansen failed to mail Plaintiff a copy of the Motion to Dismiss when it was filed, Mr. Hansen had a copy of the Motion to Dismiss and the supporting memorandum mailed to Plaintiff on July 22, 2008,[1] the day Mr. Hansen received Plaintiff's voice mail message.

Plaintiff's Motion for Default Judgment appears to be based on one of two possible erroneous understandings of the law.  First, it appears Plaintiff may not understand that a Motion to Dismiss is a responsive pleading and comprises "plead[ing] or otherwise defend[ing]" under Rule 55.  *See* Fed. R. Civ. P. 55.  Because Defendant filed the Motion to Dismiss within the required time period, Plaintiff's Motion for Default Judgment should be denied.

---

[1] The court notes the discrepancy in the date Plaintiff and Defendant allege Plaintiff left the voice mail message for Defendant.

Second, it appears Plaintiff may believe that, because Defendant failed to promptly send Plaintiff a copy of the Motion to Dismiss, the court will either disregard the timely filing of the Motion to Dismiss or the court will sanction Defendant by entering a default judgment in Plaintiff's favor.  The rules do not dictate that Defendant's delay in sending Plaintiff a copy of the Motion to Dismiss results in the court considering Defendant's Motion to Dismiss as untimely.  Instead, the delay in sending Plaintiff a copy of the Motion to Dismiss simply extends the time given to Plaintiff to respond to that motion. Furthermore, the court has considered the circumstances surrounding Defendant's delay in sending Plaintiff a copy of the Motion to Dismiss and has determined that the delay in this case does not warrant the severe sanction of default judgment that Plaintiff requests.

Because Defendant timely filed its Motion to Dismiss, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment (Docket Entry #10) be **DENIED.**

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 3rd day of October, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge